1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward P. O'BRIEN, Defendant-Appellant.
 No. 92-2451.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 19, 1993.
Decided July 29, 1993.
 
 1
 Before CUDAHY and MANION, Circuit Judges, and HOLDERMAN, District Judge.*
 
 ORDER
 
 2
 After a jury trial before United States Magistrate Judge Charles H. Evans, defendant-appellant Edward O'Brien was convicted of four counts of interstate telephone harassment. Defendant O'Brien was sentenced to nine months imprisonment and thereafter appealed his conviction and sentence to the district court. United States District Judge Richard Mills affirmed defendant O'Brien's conviction and sentence. Defendant O'Brien has appealed the final decision of the district court to this court. For the reasons stated in this order, the judgment of the district court is affirmed.
 
 FACTUAL BACKGROUND
 
 3
 In June 1988, after about 13 months of a turbulent marriage, Barbara Juraco left her husband, the defendant-appellant Edward O'Brien. Divorce proceedings were held in October 1988 and a divorce was granted. The evidence presented at trial showed that defendant O'Brien reacted to the breakup of his marriage by repeatedly harassing his ex-wife, her family and her associates. An order of protection was entered in state court against defendant O'Brien, which prohibited him from having any contact with Ms. Juraco.
 
 
 4
 After suffering various threats and abusive behavior from defendant O'Brien throughout the summer and fall of 1988, Ms. Juraco, in December 1988, left central Illinois, where she had lived with the defendant, and took a job in Delaware as a nanny in the home of the then United States Representative for Delaware Thomas Carper.[1] When defendant learned where his ex-wife was living and working, he began placing telephone calls from Illinois to the Carper residence in Delaware. Throughout 1989, defendant called Barbara Juraco repeatedly. The content of the calls varied from defendant's attempts to persuade Ms. Juraco to return to him, to defendant's directing profane verbal abuse at Ms. Juraco, to calls in which defendant hung up immediately after Ms. Juraco answered. Defendant's telephone records reflected 118 calls to Juraco during the period May 15, 1989 to December 26, 1989. Defendant continued to make the calls even after FBI agents explained to him, in March 1989, that interstate telephone harassment is a violation of federal law. Defendant further persisted in calling Ms. Juraco after his arrest for interstate telephone harassment in September 1989.
 
 
 5
 On May 10, 1991, defendant O'Brien was found guilty of three counts of interstate telephone harassment under 47 U.S.C. Sec. 223(a)(1)(C) (harassment through using an interstate call to cause the telephone of another to ring repeatedly) and one count of telephone harassment under 47 U.S.C. Sec. 223(a)(1)(A) (making obscene or indecent comments in a telephone call). On November 8, 1991, Magistrate Judge Evans sentenced defendant to concurrent six month terms on the three counts under Sec. 223(a)(1)(C), and three months (to be served consecutively to the other terms) on the count under Sec. 223(a)(1)(A). Defendant's sentence therefore totaled nine months imprisonment.
 
 DISCUSSION
 I. OTHER ACTS EVIDENCE
 
 6
 At trial, Magistrate Judge Evans admitted evidence of alleged acts of the defendant, such as vandalism, threats and repeated telephone calls, that were directed at friends and family members of Ms. Juraco. Defendant argues that the admission of this evidence violated Fed.R.Evid. 401, 402, 403 and 404(b), and that he was deprived of a fair trial as a result. We reject defendant's contentions.
 
 
 7
 As an initial matter, District Judge Mills properly determined that defendant waived this issue on appeal to the district court by failing to specifically identify the supposedly inadmissible testimony. See United States v. Williams, 877 F.2d 516, 518-19 (7th Cir.1989) (failure to identify evidence claimed to be improperly excluded results in waiver). Judge Mills, as the reviewing court, had no duty to comb the record for possible errors. Id. at 519. That task was defendant's responsibility; his failure to perform it means waiver of the issue.
 
 
 8
 Moreover, even if defendant had not waived the issue, he cannot prevail because his contentions lack merit. Evidentiary rulings such as those challenged by Mr. O'Brien are reviewable for a clear abuse of discretion. See United States v. McNeese, 901 F.2d 585, 598 (7th Cir.1990). The record in this case reveals no abuse of discretion.
 
 
 9
 The question of the admissibility of other acts evidence under Fed.R.Evid. 404(b) and 403 calls for the consideration of whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) there is sufficient evidence that the defendant committed the alleged acts; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. See United States v. Khorrami, 895 F.2d 1186, 1194 (7th Cir.1990). In reviewing the admissibility of relevant, potentially prejudicial evidence, the court must view the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing the prejudicial effect. Id.
 
 
 10
 In this case, the evidence concerning defendant's harassment of Ms. Juraco's associates was not offered to establish Mr. O'Brien's propensity to harass, but to show his actual plan of harassment, the motives behind the harassment, and his intent to harass. Fed.R.Evid. 404(b). Additionally, the acts of harassment took place during the same time period as the charged offenses and were proven by sufficient evidence. Further, when viewed according to the appropriate legal standard, the probative value of the evidence concerning the "other acts" outweighed any prejudicial effect which the admission of the evidence may have caused. The consideration of these factors indicates that Magistrate Judge Evans acted well within his discretion in admitting the evidence of the other acts of harassment.
 
 II. MULTIPLICITY OF THE CHARGES
 
 11
 Mr. O'Brien next argues that the charges against him were multiplicitous. The district court ruled that this challenge had not been properly raised or supported in Mr. O'Brien's initial appeal. As stated by the district court, arguments presented on appeal must be adequately developed and supported with citation to authorities. See United States v. Berkowitz, 927 F.2d 1376, 1386 (7th Cir.1991). By failing to cite authorities in support of his arguments to the district court, Mr. O'Brien forfeited the opportunity to present his contentions, which were therefore properly rejected by Judge Mills.
 
 III. DEFENDANT'S SENTENCE
 
 12
 Defendant next challenges his sentence, which he claims is excessive. Although the concurrent six month terms and the consecutive three month term imposed were within the statutory range set out at 47 U.S.C. Sec. 223(a), defendant argues that his sentence should be overturned because it was cruel, arbitrary and capricious, and amounted to a gross abuse of discretion. According to Mr. O'Brien, the arbitrary nature of his sentence appears from the fact the sentencing court provided no factual basis "for such a harsh and cruel sentence as that which was imposed in this case." (Appellant's Brief at p. 32.)
 
 
 13
 Under 18 U.S.C. Sec. 3742(e)(4), this court reviews the sentence imposed below to determine whether it was "plainly unreasonable." Having examined the sentencing proceedings in this case, the court determines, as did Judge Mills, that the sentence imposed by Magistrate Judge Evans was not plainly unreasonable. Contrary to defendant's contentions, the Magistrate Judge cited the factual basis for the sentence he gave. The facts introduced at trial showed that defendant had persisted in his criminal conduct even after being warned by the FBI. Further, Mr. O'Brien's behavior seriously disrupted Ms. Juraco's life. These circumstances justify the sentence of nine months imprisonment.
 
 IV. OTHER OBJECTIONS
 
 14
 The other objections raised by Mr. O'Brien warrant little discussion. The evidence presented at trial was sufficient to prove defendant guilty beyond a reasonable doubt, as to both his commission of the acts charged and his mental state. Mr. O'Brien's First Amendment argument is frivolous, as he has not identified any practice or tenet of the Roman Catholic faith that obliged him to harass Ms. Juraco over the telephone. Further, the district court correctly ruled that Magistrate Judge Evans acted within his discretion in denying defendant's request for funds to hire an investigator, since the defendant had not specified the reasons why investigative services were necessary. See United States v. Goodwin, 770 F.2d 631, 634-635 (7th Cir.1985).
 
 
 15
 Finally, this court, like Judge Mills, considers defendant's remaining contentions to be a "potpourri," which has been insufficiently presented for purposes of appellate review. Since defendant has not cited any authority in support of these assertions, any arguments based on them are waived. United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991) (undeveloped, unsupported arguments are waived).
 
 CONCLUSION
 
 16
 For the reasons stated herein, the judgment of the district court is
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable James F. Holderman, District Judge for the Northern District of Illinois, is sitting by designation
 
 
 [1]
 Thomas Carper is currently the Governor of Delaware